# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00255-CR

**Eli Blue Hernandez, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
NO. D-1-DC-10-206973, HONORABLE CLIFFORD BROWN, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Eli Blue Hernandez pleaded guilty to the offense of possession of a controlled substance, cocaine, and the district court placed him on deferred-adjudication community supervision for a period of eight years. Subsequently, the State filed a motion to proceed with an adjudication of guilt, based, in part, on an allegation that Hernandez had committed the subsequent criminal offense of possession of a controlled substance.[1] Hernandez pleaded true to the allegations in the motion to adjudicate and was sentenced to five years' imprisonment. This appeal followed.

The rules of appellate procedure provide, "The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order." Tex. R. App. P. 25.2(a)(2). We are required "to examine a certification for defectiveness, and to use Rules 37.1 and 34.5(c) to obtain another certification, whenever appropriate." *Dears v. State*,

---

[1] Hernandez was also indicted for the subsequent criminal offense, which was separately docketed under trial court cause number D-1-DC-13-200700 and appellate cause number 03-13-00256-CR.

154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (citing Tex. R. App. P. 37.1, 34.5(c)). A defective certification is one "which is correct in form but which, when compared with the record before the court, proves to be inaccurate." *Id*.

The certification in this cause indicates that this is a plea-bargain case, the defendant has no right of appeal, and the defendant has waived the right of appeal. This certification does not appear to conform to the record. A plea-bargain case is defined as one in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant. Tex. R. App. P. 25.2(a)(2). Here, Hernandez did not plead guilty or nolo contendere. Instead, he pleaded true to the allegations in the State's motion to adjudicate. *See Hargesheimer v. State*, 182 S.W.3d 906, 909 (Tex. Crim. App. 2006) (holding that case in which defendant pleads true to allegations in motion to adjudicate is not considered plea-bargain case for purposes of rule 25.2(a)(2)); *see also Dears*, 154 S.W.3d at 613 ("[Rule 25.2(a)(2)] refers only to plea bargains with regard to guilty pleas, not pleas of true on revocation motions.").

In light of the apparent discrepancy between the certification and the record, we abate the appeal and remand the cause to the district court for entry of an amended certification addressing Hernandez's right of appeal from the judgment adjudicating guilt. Once entered, the certification shall be included in a supplemental clerk's record and filed with this Court no later than July 1, 2013.

Before Justices Puryear, Pemberton and Rose

Abated

Filed: June 21, 2013

Do Not Publish